IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANITA BOND,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST AMERICAN TITLE,<br><br>    Defendant. | CV 24-59-M-KLD<br><br>ORDER |

This matter comes before the Court on Defendant First American Title's ("FSTE")[1] motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rule of Civil Procedure or, alternatively, to remand the case to state court pursuant to 28 U.S.C. § 1447(c). For the reasons discussed below, FSTE's alternative motion to remand for lack of subject matter jurisdiction is granted.

I.    **Background**

Plaintiff Anita Bond, who is proceeding pro se, filed this action against FSTE, Liberty Mutual Insurance, and Rural Development, U.S. Department of

---

[1] First American Title is now known as Flying S Title and Escrow of Montana, Inc. (Doc. 21) and will be referred to here as "FSTE".

Agriculture on April 8, 2024, in the Montana Fourth Judicial District Court, Missoula County. (Doc. 6). Bond initiated her lawsuit by filing a "Petition for Summary Judgment" (Doc. 6) and three "Motions for Summary Judgment" (Doc. 7 at 7-24) all of which the Court has liberally construed as the Complaint. (Doc. 37 at 2*)*. On May 2, 2024, the United States—on behalf of USDA Rural Development—removed the case to this Court pursuant to 28 U.S.C. § 1442, which permits federal agencies sued in state court to remove actions to federal court. (Doc. 1)

On January 30, 2025, the Court dismissed Liberty Mutual Insurance and Rural Development, U.S. Department of Agriculture from the case, leaving FSTE as the sole remaining Defendant. (Doc. 37). On August 24, 2020, Bond closed on a loan from USDA Rural Development to refinance her existing mortgage and repair her home. (Doc. 7 at 15; Doc. 5-1). Also on August 24, 2020, Bond entered a Construction Disbursement Agreement with USDA Rural Development and FSTE. (Doc. 7 at 15; Doc. 5-1). The disbursement agreement designated FSTE as the escrow holder responsible for disbursing funds for payment of necessary construction costs and required written approval by all parties prior to each disbursement. (Doc. 7 at 22; Doc. 5-1).

Bond alleges that on August 26, 2020—during the loan agreement's three-day rescission period—USDA Rural Development, FSTE, and contractor Mike

McDanal met without her knowledge. (Doc. 7 at 22). Bond asserts that USDA Rural Development and FSTE "accepted a bogus work invoice" from McDanal, and FSTE authorized the release of $8,500 from the escrow account to McDanal without Bond's written approval. (Doc. 7 at 15). Bond claims that FSTE breached the terms of the disbursement agreement by releasing funds from the "escrow account and issuing a post-dated check to Rural Development's contractor Mike McDanal" without Bond's authorization during the loan agreement's three-day rescission period. (Doc. 7 at 20).

FSTE moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or, alternatively, to remand the case to the Montana Fourth Judicial District Court. (Doc. 41).

## II. Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of jurisdiction either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale*

*Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). FSTE brings a facial attack, arguing that the allegations in the pleadings are insufficient on their face to invoke federal jurisdiction.

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

## III.  Discussion

When the United States removed Bond's Complaint to this Court in May 2024, it cited 28 U.S.C. § 1442 as the sole basis for federal subject matter jurisdiction. (Doc. 1). Section 1442 permits removal of a civil action against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof … for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Because Bond's claims against the United States have been dismissed and the government is no longer a party to

the case, FSTE argues there is no independent basis for the Court to exercise federal jurisdiction over Bond's remaining claims. FSTE is correct.

In what the Court has liberally construed as a Complaint, Bond alleges that FSTE breached the terms of the disbursement agreement by releasing funds from the "escrow account and issuing a post-dated check to Rural Development's contractor Mike McDanal" without Bond's authorization during the loan agreement's three-day rescission period. (Doc. 7 at 20). Bond's claims against FSTE thus sound in contract and arise under state law. There are no allegations in the pleadings suggesting that Bond's claims against FSTE arise under federal law or otherwise involve a federal question as required for the Court to have jurisdiction under 28 U.S.C. § 1331.

In response to FSTE's motion to dismiss, Bond identifies several federal statutes and regulations that she claims provide a basis for federal question jurisdiction. (Doc. 45 at 3). Bond did not refer to any federal statutes or regulations in her Complaint, however, and she cannot amend the pleadings by advancing arguments in her response brief. *Compu-Link Corp. v. PHH Mortgage Corp.*, 2023 WL 3456695, at *4 (E.D. Cal. May 15, 2023); *see also Borgman v. Yamaha Motor Corp., USA*, 636 F.Supp.3d 1012, 1031 (D. Alaska 2022) ("It is well-established that parties cannot amend their complaints through briefing.").

But even if these allegations were part of the pleadings, Bond's claims would not survive dismissal. Bond asserts that FSTE forged a document that was created to disburse funds from the escrow account in violation of 18 U.S.C. §§ 1001 and 1014. (Doc. 45 at 2-3). These are criminal statutes, however, and do not provide for a private right of action. *See e.g. Robertson v. Catholic Cmty. Servs. of Western Wash.*, 2023 WL 3597383, at *1 (9th Cir. May 23, 2023) (unpublished) ("[C]riminal statutes … do not give rise to private rights of action."); *Carmichael v. Owens*, 2021 WL 1695581, at *2 (E.D. Cal. Apr. 29, 2021) (no private right of action under 18 U.S.C. § 1001); *Rosy Sotto Esprecion Julianna Sotto Esprecion v. US Bank Trust National Association*, 2025 WL 2938705, at *2 (D. Haw. Aug. 27, 2025), *appeal filed* (9th Cir. Oct. 8, 2025) (no private right of action under criminal statutes, including 18 U.S.C § 1014).

Bond also identifies the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq. as a basis for federal question jurisdiction. Specifically, she alleges "Improper Disbursement of Escrow Funds" in violation of 12 U.S.C. § 2609 and implementing regulation 12 C.F.R. § 1024.17. (Doc. 45 at 3). But there is no private right of action under Section 2609 of RESPA or implementing regulation 12 C.F.R. § 1024.17. *See Dahar v. Pennymack Loan Services, LLC*, 2025 WL 402732, at *3 (D. Nev. Feb. 1, 2024) (citing *Herman v. Mr. Cooper Grp. Inc.,* 2023 WL 6960283 (S.D. N.Y. Oct 19, 2023) ("[N]o private right of action

exists under Section 2609 of RESPA or its implementing regulation, 12 C.F.R. 1024.17.")).

Bond next cites an implementing regulation for the federal Truth in Lending Act (TILA), 12 C.F.R. § 1026.23, commonly known as Regulation Z. (Doc. 45 at 3). The stated purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (quoting 15 U.S.C. § 1601(a)). To accomplish this, "TILA requires 'creditors' to make certain disclosures before extending credit to a consumer." *Ramos v. Funding Rush, Inc.*, 2025 WL 1898107, at *6 (E.D. Cal. July 9, 2025) (citations omitted). Because an escrow holder is not a "creditor" as defined in the statute, "TILA imposes no statutory duties on an escrow holder." *Ramos*, 2025 WL 1898107, at *7. Consistent with the allegations in Bond's pleadings, FSTE is an escrow holder, not a creditor. (Doc. 7 at 20-23); *see e.g. Cary v. First American Title Insurance Company Lenders Advantage*, 2024 WL 1091670, at *4 (W.D. Wash. March 13, 2024) (finding the plaintiff had "not alleged any basis to hold First American liable under TILA" and instead claimed that First American Title acted as an escrow agent for the disputed transaction); *Lisnawati v. Bank of New York Mellon*, 2009 WL

7

1468793, at *2 (N.D. Cal. May 26, 2009) (dismissing the plaintiff's claims against First American Title Company on several grounds, including that it was an escrow holder for the transaction, not a creditor subject to TILA).

Because Bond's claims against FSTE sound in contract and arise exclusively under state law, and Bond has not identified any viable federal claims against FSTE, federal question jurisdiction is lacking. Diversity subject matter jurisdiction is also lacking. The diversity jurisdiction statute, 28 U.S.C. § 1332, requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The record reflects that Bond and FSTE are both citizens of Montana. (Doc. 1-1 at 1; Doc. 28). And as to FSTE, the amount in controversy alleged in the Complaint is $8,500. (Doc. 7 at 22-23). Because Bond and FSTE are citizens of the same state and the amount in controversy is far less than $75,000, there is no basis for the Court to exercise diversity jurisdiction over Bond's claims against FSTE.

Finally, the Court may not exercise supplemental jurisdiction over Bond's state law claims pursuant to 28 U.S.C. § 1367(a). The "plain language" of § 1367 "makes clear that jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). As explained above, after the United States removed this action pursuant to 28 U.S.C. § 1442(a), the Court

dismissed all claims against the United States for lack of subject matter jurisdiction. (Doc. 37). Because this dismissal was jurisdictional, the Court does not have jurisdiction to adjudicate Bond's state law claims. *See Herman Family Revocable Trust*, 254 F.3d at 806-07 (if federal claims are dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, a district court lacks the authority to exercise supplemental jurisdiction over remaining state law claims under 28 U.S.C. § 1367); *L.B. v. United States*, 2020 WL 2736202, at *2 (D. Mont. May 6, 2020 ) ("If a federal claim is dismissed for lack of subject matter jurisdiction, supplemental jurisdiction may not be exercised over the remining non-federal claims under 28 U.S.C. § 1367.").

    Even if the Court had the discretion to decide whether to exercise supplemental jurisdiction over Bond's state law claims against FSTE, it would decline to do so because there are no claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (The district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction.").

    Where, as here, the district court lacks subject matter jurisdiction over the asserted claims, remand to state court is the proper remedy. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Rote v. Marshall*, 848

Fed. Appx. 770 (9th Cir. 2021) (unpublished) (holding the district court was required to remand a removed action to state court once the plaintiff's claims against the United States were dismissed for lack of subject matter jurisdiction).

### III. Conclusion

For the reasons explained above,

IT IS ORDERED that FSTE's alternative motion to remand this matter to the Fourth Judicial District Court, Missoula County, pursuant to 28 U.S.C. § 1447(c) is GRANTED.

DATED this 4th day of November, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge